UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>JASON GEORGE JOHNSON,<br><br>        Defendant. | ORDER<br><br>Criminal No. 05-145 (MJD/JSM) |

Tracy A. Braun, Assistant United States Attorney, Counsel for Plaintiff.

Gary R. Bryant-Wolf, Bryant-Wolf Law Office, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court regarding the sentencing of Defendant Jason George Johnson.  On September 7, 2005, Defendant pled guilty to two counts of Distribution of Child Pornography and one count of Possession of Child Pornography, in violation of Title 18 U.S.C. §§ 2252, 2252A, and 2253.  [Docket No. 14.]  An Evidentiary Hearing was held on September 16, 2005 to address the Government's proposed increases to Defendant's base offense level. The following specific issues were addressed in the evidentiary hearing: (1) whether the images involved prepubescent minors or a minor younger than twelve; (2) whether the offense involved distribution with the expectation of a thing of value; (3) whether the materials portrayed sadistic, masochistic, or violent depictions; (4) whether Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor; (5) whether the distribution or receipt of the material

resulted from Defendant's use of a computer; and (6) whether the offense involved 600 or more images. Following the hearing, the Government and Defendant submitted position papers regarding the proposed enhancements.

## II.     DISCUSSION

### A.     Images of a Prepubescent Minor or a Minor Under Twelve

A defendant's base offense level is increased by two (2) levels if the material involves a prepubescent minor or a minor under the age of twelve. U.S.S.G. § 2G2.2(b)(1) (2003).  The Court finds that the images involved in this case clearly displayed children under age twelve. The pictures and videos themselves support the determination that this enhancement should apply. United States v. Deaton, 328 F.3d 454, 455-56 (8th Cir. 2003).

### B.     Distribution With the Expectation of Receiving a Thing of Value

Under the Sentencing Guidelines, a defendant's base offense level is increased by five (5) levels if the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(2)(B).  This is defined as "any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." U.S.S.G. § 2G2.2 cmt. 1.

"Thing of value" means anything of valuable consideration, including child pornography received in exchange for other child pornography. Id.  The

enhancement applies only if a defendant distributed material with the understanding that a trade or barter was taking place.  United States v. Imgrund, 208 F.3d 1070, 1073 (8th Cir. 2000). Purely gratuitous distribution will not trigger the § 2G2.2(b)(2)(B) enhancement. Id. at 1072. Section 2G2.2(b)(2)(B) does not require a specific quid pro quo agreement between the distributor and the recipient of the child pornography.  United States v. Maneri, 353 F.3d 165, 168-69 (8th Cir. 2003).

The Court finds that Defendant distributed images with the expectation of receiving a "thing of value." Defendant discussed trading images with an undercover agent. The agent sent a corrupted file to Defendant that was purported to contain child pornography. Defendant subsequently sent the undercover agent video files containing child pornography. Thus, Defendant distributed child pornography in anticipation of receiving a thing of value.

**C.**        **Sadistic Images**

Under the Sentencing Guidelines, a four (4) level enhancement is warranted if the defendant trafficked or possessed images that portray sadistic or masochistic conduct, or other depictions of violence.  U.S.S.G § 2G2.2(b)(3). Actual or attempted vaginal penetration of a minor by an adult male is sadistic and violent as a matter of law.  United States v. Belflower, 390 F.3d 560, 562 (8th Cir. 2004).  Violent conduct is the exertion of physical force against another to injure or abuse.  United States v. Parker, 267 F.3d 839, 847 (8th Cir. 2001). The

images Defendant traded or possessed portrayed conduct that is sadistic and violent within the meaning of U.S.S.G. § 2G2.2(b)(3).

### D. Pattern of Activity Involving the Sexual Abuse or Exploitation of a Minor

Under U.S.S.G. § 2G2.2(b)(4), if a defendant engaged in two or more separate instances of sexual abuse or exploitation of a minor, he qualifies for a five (5) level enhancement. After further review of the facts, the Government now contends that this enhancement should not apply in this case. The Court concurs.

### E. Use of a Computer

Under U.S.S.G. § 2G2.2(b)(5), a defendant qualifies for a two (2) level enhancement if he distributed the material with a computer. Defendant concedes that he used a computer to send and receive child pornography and therefore the enhancement shall apply.

### F. Over 600 Images

Under U.S.S.G § 2G2.2(b)(6)(D), if the offense involved 600 or more images, a five (5) level enhancement is warranted. Defendant concedes that the offense in this case involved over 600 images of child pornography and therefore the enhancement shall apply.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. **A two (2) level enhancement SHALL APPLY** to Defendant's sentence because the material involved prepubescent minors or minors under the age of twelve (12), pursuant to § 2G2.2(b)(1);

2. **A five (5) level enhancement SHALL APPLY** to Defendant's sentence because the offense involved distribution for the receipt or expectation of a thing of value, but not for pecuniary gain, pursuant to § 2G2.2(b)(2)(B);

3. **A four (4) level enhancement SHALL APPLY** to Defendant's sentence because the material involved portrays sadistic or masochistic conduct or other depictions of violence, pursuant to § 2G2.2(b)(3);

4. **A two (2) level enhancement SHALL APPLY** to Defendant's sentence because the Defendant distributed the material with a computer, pursuant to § 2G2.2(b)(5); and

5. **A five (5) level enhancement SHALL APPLY** to Defendant's sentence because the offense involved 600 or more images, pursuant to § 2G2.2(b)(6)(D).

Dated: October 17, 2005

s/ Michael J. Davis  
Judge Michael J. Davis  
United States District Court